IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANK Hill, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 22-0504-TFM-MU |
| ) | |
| NORTH MOBILE NURSING and ) | |
| REHABILITATION, *et a*l. ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Default Judgment as to Ericka LaCour filed by Plaintiff Frank Hill (Doc. 16). This motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Upon consideration of all relevant filings in this case and the applicable law, the undersigned recommends that Plaintiff's Motion for Default be **DENIED**.

## I. BACKGROUND

Hill, proceeding pro se, filed his Complaint against Erika LaCour, North Mobile Nursing and Rehabilitation, and Kathy Odom on December 20, 2022. (Doc. 1). Hill later filed an Amended Complaint (Doc. 5) against the same Defendants and, on February 7, 2023, paid the Court's filing fee. (Doc. 4). Summons were issued as to the three Defendants on that same date (*see* doc. 6), and proofs of service have been executed as to North Mobile Nursing and Rehabilitation and Kathy Odom. (Docs. 12, 13). To date, however, no such return of service has been received for Defendant Erika LaCour, sued in her individual and official capacity, and whose

summons was addressed to Ericka LaCour, 63 South Royal Street, Suite 504, Mobile, Alabama 36602.  (Doc. 6 at 5).

On March 17, 2023, Hill filed a Motion for Default Judgment as to Ericka LaCour.  (Doc. 16).  In support of default judgment, Hill submits a United States Postal Service paid receipt, dated February 8, 2023, for a first-class mail envelope, estimated delivery date of Friday, February 10, 2023, tracking number 9590 9402 7798 2152 1883 10, and certified mail tracking number 70211970000147382549.

## II. LEGAL ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure provides for entry of default and default judgment when a defendant "has failed to plead or otherwise defend" against a claim.  Fed. R. Civ. P. 55(a). Though not articulated, it appears that it is pursuant to Rule 55 that Hill attempts to move for default against Defendant Ericka LaCour.  However, Hill's motion is drastically deficient and premature.

First, Hill has yet to establish service has been made on Ericka LaCour. "Valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant." *Hyundai Merchant Marine Co. Ltd. V. Grand China Shipping (Hong Kong) Co. Ltd.*, 878 F. Supp. 2d 1252, 1260-61 (S.D. Ala. 2012). The fact that Hill is proceeding *pro se* does not excuse any failure on his part to conform to procedural rules. *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that "[d]espite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules"). "Once a pro se … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Because

Plaintiff names Ericka LaCour, an individual, as a defendant, Federal Rule of Civil Procedure 4(e) applies:

> … an individual … may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1).

Likewise, Rule 4(c) of the Alabama Rules of Civil Procedure provides that service on an individual may be made "by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service or process." Ala. R. Civ. P. 4(c)(1). Under the Alabama Rules of Civil Procedure, the summons and complaint may be served in accordance with Rule 4(c) by process server or by certified mail. Ala. R. Civ. P. 4(i)(1) and (2).

Here, the record is devoid of any evidence establishing Ericka LaCour has been served with this suit. Indeed, there is no return of service as to Defendant Ericka LaCour and Hill fails to demonstrate in any way that service has been

accomplished as to Defendant LaCour, must less that such service complies with Rule 4 of the federal or state procedural rules.

Second, Hill's motion is utterly lacking in factual descriptions and allegations necessary to establish default against Defendant Ericka Lacourt. For instance, the motion in its entirety, states:

> **MOTION FOR DEFAULT JUDGMENT AGAINST ERICKA LACOUR**
>
> This day, Plaintiff, Frank Hill moves for default judgment against ERICKA LACOUR. See U.S. Postal evidence attached and case docket entry as to Ericka LaCour.

(Doc. 16 at 1). Based on this wording, the undersigned believes Hill seeks default based on having not yet received an answer or response from Defendant LaCour, but this is not definitive due to insufficient details and/or assertions. The motion lacks any declaration in support of his motion stating when, where, how, or if Ericka LaCour has been served, and the attached postal service receipt is of no help.

Plaintiff Hill is reminded and cautioned that failure to perfect service on Defendant Ericka LaCour, in accordance with Rule 4(e) within the 90-day timeline required under the Federal Rules of Civil Procedure will result in dismissal of Defendant pursuant to Federal Rule of Civil Procedure 4(m), which states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m). In this case, Hill's 90-day clock began running on February 7, 2023, the date the summons was issued. (*See* Doc. 6).

Finally, the Court takes judicial notice of the status of the United States Postal Service tracking number provided by Plaintiff in support of this motion, No. 70211970000147382549. *See* Fed. R. Evid. 201(b) (Courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). When this certified mailing number is tracked, it reflects that on February 9, 2023, the mailing departed the Mobile, AL Distribution Center Annex, at 12:39 a.m. As of February 13, 2023, the mailing was noted as "In Transit, Arriving Late." This is the final update on the mailing.[1] Accordingly, the referenced and submitted certified mail tracking receipt evidences that the mailing has not been delivered and has not been traced, located since February 13, 2023, and Plaintiff is hereby placed on notice of the same.

### III. CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiffs Motion for Default Judgment (Doc. 16) be **DENIED** and further warns Plaintiff that failure to make proper service of his Complaint on Defendant Ericka LaCourt within 90-days of the issuance of summons will result in dismissal without prejudice of the action against Defendant LaCour.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the

---

[1] *See* USPS Tracking, https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70211970000147382549%2C&tABt=true (last visited March 21, 2023).

manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **27th** day of **March, 2023**.

                                                    <u>s/P. BRADLEY MURRAY</u>
                                                  UNITED STATES MAGISTRATE JUDGE