IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANK HILL, JR., : | |
| : | |
| Plaintiff, : | |
| vs. : | CIVIL ACTION: 22-0504-TFM-MU |
| : | |
| NORTH MOBILE NURSING and : | |
| REHABILITATION CENTER, LLC; : | |
| KATHY ODOM; and ERICKA LACOUR, : | |
| : | |
| Respondents. : | |

## REPORT & RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S), on the Partial Motion to Dismiss of Defendant North Mobile Nursing and Rehabilitation Center, LLC ("North Mobile Nursing") (Doc. 7) and the Motion to Dismiss of Defendant Kathy Odom ("Odom") (Doc. 14). For the reasons set out below, it is **RECOMMENDED** that Defendants' motions (Docs. 7, 14) be **GRANTED**, in part, and **DENIED**, in part.

## I. JURISDICTION

Plaintiff Frank Hill ("Plaintiff" or "Hill") has brought suit in this Court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and 42 U.S.C. §§ 1983, 1985, 1986. No party contests either subject matter or personal jurisdiction and adequate support exists for both.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff alleges he worked at North Mobile Nursing for over 28 years before being discharged and replaced by a younger, white male. The crux of Plaintiff's suit is that he was fired for discriminatory reasons under the pretense of failing to come to

work during a two-week period, where he was under doctor's orders to stay home due to contracting the Covid-19 virus.

Plaintiff alleges in his amended complaint that, following a surgical procedure, he was wearing a mask while working at North Mobile Nursing to protect himself from contracting the Covid-19 virus. The executive officer of North Mobile Nursing, Ms. Kathy Odom, however, instructed him to remove his mask, assuring him "that Covid was not in the building." Out of fear of losing his job, Plaintiff removed his mask and worked maskless the remainder of the day. The next day, Plaintiff did not feel well. Examination by a doctor at a local clinic confirmed he was infected with the Covid-19 virus and three prescriptions were ordered. The doctor also wrote a letter excusing Plaintiff from work for two weeks based on his positive Covid-19 results. This excusal note was given to Odom, but thereafter Plaintiff received a letter in the mail instructing him to report to work and informing him of the consequences if he did not. Plaintiff was ultimately terminated by Odom and North Mobile Nursing.

Plaintiff avers that he was fired because Odom was motivated to hire a younger, white employee. According to Plaintiff, he previously trained a white female on the job, who was under the age of 40, while he is a black male over the age of 50, and she earned more money in wages then he did for the same work. Plaintiff further avers that after his employment was terminated, Odom's brother-in-law, who is a white male, under the age of 40, was hired as his replacement.

Plaintiff filed a Charge of Discrimination with the EEOC on May 9, 2020. (Doc. 5 at 10). The Charge, however, was inadvertently not properly filed by the Birmingham office, causing the Charge to be dismissed as untimely on June 13, 2022, by the

Director of the Local Mobile Office, Erika LaCour.  (Doc. 5 at 20).  This Notice of Dismissal issued on June 13, 2022, was later revoked, and Plaintiff's Charge was reopened.  (Doc. 5 at 21).  On September 16, 2022, Plaintiff wrote a letter to LaCour asking to amend the Charge of Discrimination to include discrimination based on violations of the ADA and the FFCRA.  (*Id*. at 9).  However, LaCour executed a Determination of Charge on September 21, 2022, informing Plaintiff of the EEOC's decision not to proceed further in its investigation and issuing Plaintiff a right to sue. (*Id*. at 22).

On December 20, 2022, Plaintiff filed a *pro se* complaint against Defendants (Doc. 1) and an amended complaint on February 6, 2023 (Doc. 5), asserting claims of employment discrimination and violations of his civil and constitutional rights.  Plaintiff maintains that Odom conspired with LaCour, at the EEOC, "to block the legal force of [his] timely filed charge of discrimination and [his] timely filed amended charge of discrimination [] filed with the USEEOC against Ms. Kathy Odom and the North Mobile Nursing and Rehabilitation." (Doc. 5, p. 5, ¶ 20).  Plaintiff claims Odom and North Mobile Nursing conspired to cause him mental stress and loss of money in his attempt to "get reversal help from what Erica LaCour" did regarding the claims of discrimination he filed against Odom and North Mobile Nursing.  (*Id*., ¶ 22).  Plaintiff further claims Odom and North Mobile Nursing violated his federal rights to redress his civil rights.  Plaintiff seeks monetary relief from the defendants, vacation pay and personal day payments with interest, as well as reinstatement of his job with an adjustment in salary and senior status.

Defendants North Mobile Nursing and Odom have filed motions to dismiss all or some of the claims asserted against them. (*See* Docs. 7, 14). Plaintiff filed a response indicating that he was resting on the allegations of his complaint. (*See* Doc. 17). Accordingly, the Court will review the merits of Defendants' positions, and Plaintiff has waived his opportunity to be otherwise heard on the motions. *Long v. Patton Hospitality Mgmt., Inc.*, 2016 U.S. Dist. LEXIS 55278, at *n.1, 2016 WL 1677565 (S.D. Ala. April 26, 2016) (Plaintiff's failures to respond to a motion to dismiss does not constitute abandonment of his claims nor do they permit a "reflexive granting of [the Motions] without examining the merits."). This Court will not interpose arguments Plaintiff could have made but did not.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss an action on the ground that the allegations in the complaint fail to state a claim upon which relief can be granted. On such a motion, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (per curiam) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). The court must draw "all reasonable inferences in the plaintiff's favor." *St. George v. Pinellas Cnty.*, 285 F.3d

1334, 1337 (11th Cir. 2002). However, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682).

Rule 12(b)(6) is read in consideration of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to 'give the defendant fair notice of what the . . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation omitted). Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a complaint must state on its face a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Unless the plaintiffs have "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S at 678 (quoting *Twombly*, 550 U.S at 556).

## IV. DISCUSSION & ANALYSIS

### A. Failure to Serve Defendant Kathy Odom.

Odom is the Executive Director of North Mobile Nursing. Plaintiff is suing Odom in both her individual and official capacities. (Doc. 5). According to Plaintiff's return on service (Doc. 12), Plaintiff attempted to serve Odom by certified mail at her place of business, North Mobile Nursing. (*Id*.).

"Valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant." *Hyundai Merchant Marine Co. Ltd. V. Grand China Shipping (Hong Kong) Co. Ltd.*, 878 F. Supp. 2d 1252, 1260-61 (S.D. Ala. 2012). The fact that Hill is proceeding *pro se* does not excuse any failure on his part to conform to procedural rules. *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that "[d]espite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules"). "Once a pro se … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Because Plaintiff names Odom, an individual, as a defendant, Federal Rule of Civil Procedure 4(e) applies:

> … an individual … may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:

>> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1).

Likewise, Rule 4(c) of the Alabama Rules of Civil Procedure provides that service on an individual may be made "by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service or process." ALA. R. CIV. P. 4(c)(1). Under the Alabama Rules of Civil Procedure, the summons and complaint may be served in accordance with Rule 4(c) by process server or by certified mail. ALA. R. CIV. P. 4(i)(1) and (2).

Plaintiff's service attempt did not meet these standards. Plaintiff has not delivered the summons and complaint to Odom personally.  Plaintiff has not left a copy at Odom's dwelling or usual place of abode.  Plaintiff has not delivered a copy to an agent authorized to accept service of process on Odom's behalf.  Instead, the record reflects that Plaintiff attempted to serve Odom, solely, by certified mail at her place of employment.  Moreover, by the filing of Odom's motion to dismiss, Plaintiff has been put on notice of the deficiency in service, as well as the repercussions of the same, and has still failed to cure the improper service or show that service was proper.   "When service of process is challenged, [the plaintiff] must bear the burden of establishing its validity,"

*Winston v. Walsh*, 829 F. App'x 448, 450 (11th Cir. 2020) (quoting *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)), and Plaintiff has failed to carry this burden. Accordingly, Plaintiff's failure to timely serve Odom may ultimately result in dismissal of the claims asserted against her.

B. **Conspiracy Claims**

The principal elements of a conspiracy are an "agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in that damage." *Northrup v. Conseco Fin. Corp.,* 141 F.Supp.2d 1372, 1375 (M.D.Ga.2001). The Eleventh Circuit requires a heightened pleading standard in conspiracy cases because a defendant must be informed of the nature of the conspiracy alleged. *Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir.1984). "It is not enough to simply aver in the complaint that a conspiracy existed." *Id.* Thus, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint. *Id.* Plaintiff's claims here fail against Defendant North Mobile Nursing and Odom.

First, Plaintiff's allegations of a conspiracy are totally factually insufficient to state a claim. Though Plaintiff does not indicate the subsection of § 1985 under which he wishes to proceed, subsection 3 best corresponds with his claims. It prohibits "two or more persons ... [from] conspir[ing] ... [to] depriv[e], either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws...." 42 U.S.C. § 1985(3). In his amended complaint, Plaintiff alleges, Defendants "conspired to cause me mental stress, and loss of money trying to get reversal help from what Erica LaCour did to deface my charge of discrimination that I filed" against North Mobile Nursing and Odom (Doc. 5, p. 5, ¶ 22), and that Odom and

8

Case 1:22-cv-00504-TFM-MU   Document 20   Filed 05/03/23   Page 9 of 19   PageID #: 107

North Mobile Nursing "acted in concert to violate my federal rights" (*Id.*, p. 6, ¶ 30). Plaintiff further alleges Odom conspired with Erika LaCour to deny him "redress" regarding his filed EEOC Charge.  Each of these allegations is far too general and lacks sufficient detail to demonstrate or suggest an agreement amongst Defendants and does not indicate a plausible claim for a conspiracy, *Twombly*, 550 U.S. at 557.  Second, the United States Supreme Court has declared the rights protected under Title VII insufficient to form the basis of § 1985(3) actions against private conspirators. *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979).  Because a conspiracy to violate rights protected by Title VII cannot form the basis of a § 1985(3) conspiracy claim, *see id.,* Plaintiff likewise has failed to state a conspiracy claim against Defendants.  *Cf.*, *Burrell v. West*, CV-09-00325-KD-B, 2010 WL 749332 (S.D. Ala. Mar. 1, 2010) ("Plaintiff has not alleged that Defendant conspired against her in connection with a federal legal proceeding. Thus, she has failed to make out a claim under § 1985[]."). Third, to the extent Plaintiff alleges North Mobile Nursing and Odom conspired together, such claim also fails under the intracorporate conspiracy doctrine, which holds "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000).

Lastly, because Plaintiff's § 1985(3) claim fails, his § 1986 claim fails as well. *Morast v. Lance*, 807 F.2d 926, 930 (11th Cir. 1987). Section 1986 provides a cause of action against any "person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or

9

refuses so to do[.]" 42 U.S.C. § 1986. A § 1986 claim requires that a § 1985(3) conspiracy claim exist. *Farese v. Scherer*, 342 F.3d 1223, 1232 n.12 (11th Cir. 2003). As a consequence of Plaintiff's failure to state a § 1985(3) claim, he has failed to state a § 1986 claim.

Notably, Plaintiff has not responded to Defendants' motions with any additional facts or allegations. For these reasons, the conspiracy claims asserted against North Mobile Nursing and Odom should be **DISMISSED**.

### C. Discrimination Claims

In his amended complaint, Plaintiff asserts employment discrimination claims against both North Mobile Nursing and Kathy Odom, in her individual and official capacities. It is well settled law in this Circuit, however, that there is no individual liability for violating the employment discrimination provisions of Title VII, the ADEA, or the ADA. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a violation of the Act."); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (stating that individuals "cannot be held liable under the ADEA or Title VII"); *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) (per curiam) (stating that because the ADA's definition of "employer" is similar to that under Title VII and the ADEA, neither of which countenance individual liability, "individual liability is precluded for violations of the ADA's employment discrimination provision"). Accordingly, Odom individually cannot be held liable for violations of Title VII, the ADEA, or the ADEA, and these claims should be **DISMISSED**.

The Court turns to the remaining allegations asserted against North Mobile Nursing and claims asserted against Odom in her official capacity:

**1. <u>Retaliation</u>**

To the extent Plaintiff attempts to assert a claim for retaliation, his allegations are insufficient.[1]  Pursuant to Title VII, an employer cannot discriminate against an employee "because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To establish a claim of retaliation, Plaintiff must allege: (1) that he engaged in statutorily protected activity; (2) that he suffered a materially adverse action; and (3) that there was some causal relation between the two events. *Goldsmith v. Bagby Elevator Co.,* 513 F.3d 1261, 1277 (11th Cir.2008).  Currently, Plaintiff's amended complaint is void of facts that he engaged in any protected activity.  Assuming Plaintiff's EEOC Charge filing constituted the protected activity, which it would, Plaintiff has not shown any adverse action that came after the filing.  Accordingly, the current allegations are simply insufficient to put Defendants on notice of claim of retaliation and are not actionable as stated.  Given Plaintiff's *pro se* status, however, it is recommended that Plaintiff be afforded the opportunity to amend his complaint to cure the deficiencies noted.

---

[1] Plaintiff has not articulated in his amended complaint that he intends to assert a retaliation claim.  However, he did check the "retaliation" box on his EEOC Charge and incorporated the Charge into his amended complaint.  Accordingly, the Court will lay out the necessary elements for *pro se* Plaintiff in the event he amends his complaint and asserts such a claim.

11

### 2. Failure to Promote

To establish a claim of discriminatory failure to promote, a plaintiff must demonstrate that (1) that he belongs to a protected class; (2) that he applied for and was qualified for a promotion; (3) that he was rejected despite his qualifications; and (4) that other equally or less-qualified employees outside his class were promoted. *Brown v. Ala. Dept. of Transp.,* 597 F.3d 1160, 1174 (11th Cir.2010). "A plaintiff alleging [he] was wrongfully denied a promotion or transfer must establish, at a minimum, that the desired position was available." *Hollings v. Noland Health Servs., Inc.*, 2013 WL 978992, at *5 (N.D. Ala. Mar. 11, 2013). Plaintiff does not allege that North Mobile Nursing had any positions available and does not identify any vacant position he sought to fill. Plaintiff also provides no indication that he applied for or otherwise sought another position with North Mobile Nursing. *See Johnson v. Austal, U.S.A., L.L.C.*, 805 F. Supp. 2d 1299, 1319 (S.D. Ala. 2011) ("A plaintiff claiming that he was discriminatorily denied a promotion usually must show that he actually applied for the position as part of his prima facie case. Where an employer has an informal procedure . . . , an employee may establish this element by showing that the position was available and that the employer had some reason or duty to consider him for same.") (internal citations omitted). Nor does Plaintiff indicate that North Mobile Nursing filled or attempted to fill a position with persons in a non-protected class.

In the absence of factual allegations suggesting that Plaintiff was discriminatorily denied a promotion based on his race, Plaintiff has failed to provide sufficient facts to state a claim for discriminatory failure to promote under Title VII. As currently pled, this claim is insufficient to state a cause of action against Defendants. Given Plaintiff's *pro*

*se* status, however, it is recommended that Plaintiff be afforded the opportunity to amend his complaint to cure the deficiencies noted.

### 3. 42 U.S.C. § 1983 and Constitutional Claims

Plaintiff cites that he is suing under 42 U.S.C. § 1983 and that North Mobile Nursing "violated my constitutional rights under the 8th and 14th Amendment ...." (Doc. 5, p. 7, ¶ 33). However, Plaintiff fails to provide sufficient factual allegations to establish a plausible claim because it does not show that North Mobile Nursing was acting under color of state law.

To state a claim under § 1983, a plaintiff must show "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiff has not alleged any facts which would bring North Mobile Nursing into the category of a "state actor," *see Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001), nor has Plaintiff established (as previously discussed) that North Mobile Nursing conspired with a state actor as to violate his constitutional rights. *See Wilson on behalf of Wilson v. McFadden,* 703 F. App'x 822, 824 (11th Cir. 2017) (per curiam) ("An 'understanding' and 'willful participation' between private and state defendants is necessary to show the kind of joint action that will subject private parties to § 1983 liability.") (citation omitted). Because Plaintiff's amended complaint fails to allege facts plausibly showing that North Mobile Nursing acted under color of state law, his § 1983 claims are due to be dismissed.

Furthermore, it is entirely unclear from the amended complaint how North Mobile Nursing may have violated his Eighth and Fourteenth Amendment Rights as a nongovernmental entity.  Without more, these claims are nothing more than "an unadorned, the defendant-harmed-me-accusation", *Iqbal*, 556 U.S. at 678, which is not actionable. Accordingly, these claims should be **dismissed**.

### 4. Incorporated FFCRA & ADA Claims

Through incorporated EEOC documents attached to his amended complaint, Plaintiff may be asserting claims for disability discrimination under the FFCRA and ADA. (*See* Doc. 5 at 1, 9).  However, as explained below, Plaintiff's current amended complaint is devoid of factual allegations that would support such claims.

The FFCRA, Pub. L. No. 116-127, 134 Stat. 178 (2020), an expansion of the Family and Medical Leave Act, was enacted in response to the coronavirus outbreak. The FFCRA, amongst other assistance, provides that an employer cannot "discharge, discipline, or in any other manner discriminate against" an employee who "takes leave in accordance with this Act." § 5104(1), 134 Stat. 178, 196–97.  "Specifically, if an employer 'willfully violates section 5104' it is 'considered to be in violation of § 215(a)(3) of the Fair Labor Standards Act' and the employer may be 'subject to the penalties described' in §§ 216 and 217 of the FLSA."  *Hartzell v. Adaptable Sys. Corp.*, No. CV 21-1873-KSM, 2022 WL 1500554, at *9 (E.D. Pa. May 11, 2022) (quoting FFCRA § 5105(b), 134 Stat. 197 (2020)) (alterations omitted).  Reading Plaintiff's *pro se* complaint with leniency as required, the undersigned notes the possibility of Plaintiff's attempt to assert a claim of retaliation pursuant to the FFCRA.  As previously discussed, to establish a retaliation claim, Plaintiff must put forth sufficient factual allegations

showing: (1) that he engaged in statutorily protected activity; (2) that he suffered a materially adverse action; and (3) that there was some causal relation between the two events. *Goldsmith v. Bagby Elevator, Co., Inc.,* 513 F.3d 1261, 1277 (11th Cir. 2008). Plaintiff's amended complaint, however, is currently void of any allegation indicating the date he contracted the Covid-19 virus, date of his termination, or any explanation of details surrounding his termination of his employment. Plaintiff's bare allegations that he contracted the Covid-19 virus, presented a doctor's order not to return to work for two-weeks, and that he was later fired from his job (at some unknown date and time) is insufficient to establish a cause of action.

Beyond the lack of factual allegations pled, Defendant North Mobile contends Plaintiff is barred from bringing a FFCRA violation by the applicable two-year statute of limitations. *See* 29 U.S.C. § 2617(c)(1). According to Defendant, since Plaintiff filed his EEOC Charge pertaining to the termination complained of in this action in May 2020, the latest Plaintiff could have filed a FFCRA violation is May 2022, yet Plaintiff's complaint was not filed until December 2022. However, review of caselaw reflects that "willful violations" of the FFCRA may violate the Fair Labor Standards Act ("FLSA") and be subject to a three-year statute of limitations, as "[the FFCRA] makes willful violation of Section 5104 equivalent to a violation of section 15(a)(3) of the Fair Labor Standards Act ...". *Colombe v. SGN, Inc.*, No. 5:20-CV-374-REW, 2021 WL 1198304, at * 3 (E.D. Ky. March 29, 2021); see also *Kofler v. Sayde Steeves Cleaning Serv., Inc.*, No. 8:20-cv-1460-T-33AEP, 2020 WL 5016902, at *2 (M.D. Fla. Aug. 25, 2020) ("Although the FLSA and FFCRA are different statutes, retaliation for asserting rights under the FFCRA

15

violates the FLSA."). Thus, it is premature at this time to dismiss any potential claim based on a two-year limitation period.

"Under § 12112(a) of the ADA, an employer is generally prohibited from 'discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. " *Equal Employment Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1314 (11th Cir. 2019) (quoting 42 U.S.C. § 12112(a)). "To state a disability discrimination claim, a claimant must allege that she was a 'qualified individual' who suffered an adverse employment action because of her 'disability' as those terms are defined by the ADA." *Id*. (citation omitted). "A plaintiff bringing a disparate-treatment claim under the ADA must allege that the disability actually motivated the employment decision." *Smith v. Miami-Dade Cnty.*, 621 F. App'x 955, 959 (11th Cir. 2015) (per curiam). Here, Plaintiff's amended complaint is entirely void of any identified disability and the connection of any disability to an adverse action or employment decision.

### 5. ADEA Claims

Although Plaintiff does not mention or cite to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., in his amended complaint or exhibits attached thereto, he does allege that North Mobile Nursing has hired two other workers under age 40, while he is over the age of 50. Specifically, he states he trained one of these workers and she is paid more than he is for the same job, and he also alleges that he was fired so that the other younger worker could take his job. Construed liberally, such claims possibly give rise to a cause of action under the ADEA. *Salamo*

16

*Martinez v. Celulares Telefonica, Inc.*, 272 F. Supp. 2d 144, 152 (D.P.R. 2003) (noting that plaintiff who attempted to bring Title VII claim for discrimination on the basis of age did not bring his cause of action under the appropriate statute, and liberally construing age discrimination claim under the ADEA). For this reason, the Court will outline the elements of an ADEA claim.

"The ADEA makes it unlawful for an employer to discriminate against employees over age 40 on the basis of age." *Caraway v. Sec'y, U.S. Dep't of Transp.*, 550 F. App'x 704, 708 (11th Cir. 2013) (per curiam) (citations omitted). To state a claim for age discrimination under the ADEA, the plaintiff must show that "(1) he was within the statute's protected class; (2) he was qualified for his position; (3) he was subjected to adverse employment action; and (4) he suffered from disparate treatment because of membership in the protected class." *Id*. at 709 (citing *Kelliher v. Veneman*, 313 F.3d 1270, 1275 (11th Cir. 2002)). ADEA discrimination claims are analyzed under the same framework as Title VII discrimination claims. *Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1556 (11th Cir. 1995). To the extent Plaintiff attempts to sue pursuant to the ADEA, he should amend his complaint, referencing the specific statute under which he brings his claim and plead sufficient factual allegations to support the cause of action.

## CONCLUSION

For the reasons discussed above, it is **RECOMMENDED** that Defendant North Mobile Nursing's Motion to Dismiss (Doc. 7) and Kathy Odom's Motion to Dismiss (Doc. 14) be **GRANTED**, in part, and **DENIED**, in part, with the claims asserted against Defendant Kathy Odom in her individual capacity, claims of conspiracy, and claims brought pursuant to § 1983 and in violation of the Eighth and Fourteenth Amendments

being **DISMISSED WITH PREJUDICE**. The remaining claims of retaliation, failure to promote and claims pursuant to the FFCRA, ADA, and ADEA, are currently deficient and merit dismissal. Plaintiff, however, has not previously been ordered to amend his complaint to plead claims with more particularity or cure any specified deficiencies. Generally, where a more carefully drafted complaint might state a viable claim, a district court must give the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). Thus, the undersigned further **RECOMMENDS** that Plaintiff should be given the opportunity to amend his complaint to correct the deficiencies set out in this report as to the claims of retaliation, failure to promote and claims pursuant to the FFCRA, ADA, and ADEA. Notably, Defendants have not moved for dismissal of Plaintiff's Title VII discrimination claim, and it is remains actionable against Defendant North Mobile Nursing and Kathy Odom, in her official capacity.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the

time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 3rd day of May, 2023.

                                      s/P. Bradley Murray
                                      **UNITED STATES MAGISTRATE JUDGE**