**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **FRANK HILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:22-cv-504-TFM-MU** |
| | ) | |
| **NORTH MOBILE NURSING and** | ) | |
| **REHABILITATION,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

On May 3, 2023, the Magistrate Judge entered a Report and Recommendation which recommends that the Defendants' motions to dismiss (Docs. 7, 14) be granted in part and denied in part. *See* Doc. 20. Instead of filing objections, Plaintiff filed a "Motion for Permission to Appeal the Final Disposition of the Default Judgment Matter" to the Eleventh Circuit (Doc. 21, filed 5/10/23) and a "Motion for Judgment on the Pleadings or Alternative Request for Permission to Pursue his civil cause of action before the Eleventh Circuit (Doc. 22, filed 5/15/23). Defendants filed an opposition to the motion for judgment on the pleadings. *See* Doc. 23. The Court will now review the Report and Recommendation as well as Plaintiff's motions.

The Court is not required to construe the motions as objections as they provide no specific objections nor does the Court find any merit to the request to allow an interlocutory appeal. Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "A district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under rule 54(b). *Peden v. Stephens*,

50 F.4th 972, 977 (11th Cir. 2022) (citing *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007)).  First, the court must determine that there is a final judgment. *Id.*  Second, "the district court must then determine that there is no just reason for delay in certifying it[s] [decision] as final and immediately appealable." *Id.* (quoting *Lloyd Noland Found.*, 483 F.3d at 777).  When determining whether there is no just reason for delay, the district court must consider "judicial administrative interests—including the historic federal policy against piecemeal appeals—and the equities resolved" and "certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* at 978 (internal citations omitted).

The Court cannot find that a Rule 54(b) partial judgment is appropriate.  This would fall into the classic example of a party wishing to piecemeal his appeal.  Further, there is no authority for the Court to allow the Plaintiff to skip the district court simply because he does not like the rulings he received.  As such, the motions (Doc. 21, 22) to proceed to the Eleventh Circuit are **DENIED**.

To the extent Plaintiff seeks a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) as a means to circumvent the Report and Recommendation, the Court also finds that to be inappropriate.  Additionally, a Rule 12(c) motion is procedurally premature because the pleadings in this case have not yet closed given the pendency of the Report and Recommendation.  As such, that motion (Doc. 22) is **DENIED** on the request for a judgment on the pleadings.

The Court now turns to the substance of the Report and Recommendation.  Plaintiff's motions do nothing to offset the well-reasoned analysis of the Magistrate Judge.  Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and

there being no specific objections made, the Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court.  It is **ORDERED** that the Defendants' motions to dismiss (Docs. 7,14) are **GRANTED in part** and **DENIED in part**.

The motions are granted to the extent the following claims are **DISMISSED with prejudice**:

(1) claims asserted against Defendant Kathy Odom in her individual capacity,

(2) claims of conspiracy, and

(3) claims brought pursuant to § 1983 and in violation of the Eighth and Fourteenth Amendments.

The remaining claims of retaliation, failure to promote and claims pursuant to the FFCRA, ADA, and ADEA, are currently deficient and merit dismissal.  Therefore, the motions to dismiss are denied to the extent the Court declines to dismiss outright those claims when, as noted by the Magistrate Judge, a more carefully drafted complaint might state a viable complaint.  Therefore, the Court provides Plaintiff the opportunity to amend his complaint to correct the deficiencies noted by the Magistrate Judge's Report and Recommendation.

Plaintiff shall file his amended complaint no later than **November 9, 2023**.  Failure to file an amended complaint will result in those claims being dismissed without prejudice.  The Court cautions Plaintiff to carefully review the issues identified by the Magistrate Judge in the Report and Recommendation to ensure he complies with the Court's instructions.  Additionally, the Court notes that this is not an opportunity to include claims that the Court already dismissed with prejudice.

This case is **REFERRED BACK** to the Magistrate Judge for further action as appropriate.

**DONE** and **ORDERED** this 19th day of October, 2023.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE