IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANK HILL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. ACT. NO. 1:22-cv-504-TFM-MU |
| | ) | |
| **NORTH MOBILE NURSING and REHABILITATION,** *et al.*, | ) ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is "Frank Hill's Motion to Strike Document Number 24 – in Reply for Just Cause" (Doc. 25, filed 11/8/23). Plaintiff seeks to strike the Court's order adopting the Report and Recommendation on the partial grant of dismissal, the order to amend, and denial of other motions to include a Rule 54(b) partial judgment. Plaintiff also seeks default judgment against "North Mobile and Rehabilitation Center". Defendant filed a response in opposition and a motion to dismiss (Doc. 26, filed 11/21/23).

The Motion to Strike (Doc. 25) is **DENIED** as is the request for Default Judgment contained within the motion to strike.

The Court now turns to the motion to dismiss filed by the Defendant wherein it notes that Plaintiff failed to comply with the Court's directed to file an amended complaint by November 9, 2023.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333,

1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

It is true Plaintiff did not file an amended complaint as directed. Instead, the Plaintiff filed the Motion to Strike which the Court denied above. The Court did warn Plaintiff of the failure to comply with its order could result in the dismissal of the remaining claims without prejudice. However, the motion to strike was filed before the November 9, 2023 deadline. As such, the Court declines to outright dismiss the case without this one final warning and extension.

The Court gives one final opportunity to comply and **ORDERS** Plaintiff to file the amended complaint referenced in the prior Memorandum Opinion and Order (Doc. 24) by **January 5, 2024**. As noted above, the Court has now warned Plaintiff twice of the consequences of failing to comply. Should he not file an amended complaint that complies with the prior order and this order, then this case will be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). **This is Plaintiff's final warning on the matter**.

The motion to dismiss (Doc. 25) will be held in abeyance pending Plaintiff's compliance with this order. This case is **REFERRED BACK** to the Magistrate Judge for further action as appropriate.

**DONE** and **ORDERED** this 13th day of December, 2023.

>/s/Terry F. Moorer
>TERRY F. MOORER
>UNITED STATES DISTRICT JUDGE