IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FRANK HILL,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| vs. | )  CIV. ACT. NO. 1:22-cv-504-TFM-MU |
| | ) |
| **NORTH MOBILE NURSING and** | ) |
| **REHABILITATION,** *et al.,* | ) |
| | ) |
|    **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's motion to dismiss (Doc. 26, filed 11/21/23) which notes that Plaintiff failed to comply with the Court's directed to file an amended complaint by November 9, 2023. The Court previously held in abeyance in its prior Memorandum Opinion and Order and gave Plaintiff one final opportunity to comply with its prior order. *See* Doc. 27. Specifically the Court provided:

> The Court gives one final opportunity to comply and **ORDERS** Plaintiff to file the amended complaint referenced in the prior Memorandum Opinion and Order (Doc. 24) by **January 5, 2024**. As noted above, the Court has now warned Plaintiff twice of the consequences of failing to comply. Should he not file an amended complaint that complies with the prior order and this order, then this case will be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). **This is Plaintiff's final warning on the matter**.

*Id*. at 2.

On January 5, 2024, Plaintiff filed "Frank Hill's Timely Reply in Reference to Document Number 27." *See* Doc. 28. In it he stated the following which the Court recites verbatim:

> (1)    After care review and re-study of Plaintiff's civil action complaint filed in this Court, Frank Hill respectfully informs this honorable Court and presiding Judges that Frank Hill finds no legal procedural reason to amend Frank Hill's civil action complaint.

> (2) Frank Hill further maintains that Frank Hill is due a favorable judicial decision as to Erika LaCour and North Mobile Nursing and Rehabilitation, LLC. Recall, Frank Hill moved the honorable Judges for a <u>default judgment as to Erika LaCour</u> and Frank Hill moved the honorable Judges for <u>judgment on the pleadings as to North Mobile Nursing and Rehabilitation, LLC.</u>

*Id*. The document makes it clear that Plaintiff has no intention of complying with the Court's directives to file an amended complaint despite numerous warnings and orders to do so.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Put simply, the Court told Plaintiff what to do and he said no. Therefore, in accordance with the Court's prior opinions and orders (Docs. 24, 27) and the warnings of the consequences

for failure to comply, Defendant's motion to dismiss (Doc. 26) is **GRANTED** and this case is **DISMISSED without prejudice**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 1st day of March, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE